**MORGAN SIGNS, INC.**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS- PORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1998.
Decided Feb. 2, 1999.

Christopher J. Clements, Asst. Counsel In-Charge, Harrisburg, for appellant.

Alan R. Krier, Altoona, for appellee.

Before DOYLE, J., FRIEDMAN, J., and RODGERS, Senior Judge.

DOYLE, Judge.

Before this Court is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Centre County dismissing DOT's appeal from the report and award of a Board of View that awarded $130,000.00 in compensation to Morgan Signs, Inc. (Morgan).

■ On July 11, 1996, DOT filed a Declaration of Taking for certain land located in Benner Township owned by Dr. E.W. Cullen. Morgan owned five outdoor advertising signs which were located upon Dr. Cullen's property, to whom Morgan paid rent. There were two leases in effect at the time of condemnation, the first covering a two-year period from May 11, 1995, through May 10, 1997, and the second, initially a ten-year lease ending on December 1, 1988, but containing numerous handwritten notations extending its term and providing for increased rent.[1]

---

1. In its brief DOT erroneously refers to these leases as "ground rent leases." Although now applied differently by modern usage elsewhere, in Pennsylvania law the term "ground rent" has a more precise and different meaning. In Penn-

On September 26, 1996, Morgan petitioned for the appointment of viewers, pursuant to Section 502 of the Eminent Domain Code (Code).[2] This petition was granted by the Common Pleas Court in an order dated September 30, 1996. The board of viewers, on April 30, 1997, viewed the condemned property and conducted a hearing to determine the amount of damages sustained by Morgan. Morgan presented evidence during the hearing that the advertising devices could not be relocated to another site within Benner Township, or the surrounding region due to zoning restrictions. Morgan also presented the testimony of its vice president and general manager, Richard E. Hall, that the approach within the industry for determining the value of advertising devices was the "income flow" method. This method utilizes a multiple of the current revenue derived from the advertising device to determine the value of the device. Mr. Hall testified that two similar sets of advertising devices in the region sold for 5.6 times the annual revenue and 6.5 times the annual revenue and concluded the "fair market value" of Morgan's advertising devices was $130,106.00 at the time of condemnation. On August 11, 1997, the board of viewers awarded damages, in the amount of $130,000.00, to Morgan. DOT appealed the award to the Common Pleas Court on September 9, 1997, alleging that the

method used to determine the value of Morgan's advertising devices was erroneous.

On January 26, 1998, DOT filed a Petition for Determination pursuant to Section 517 of the Code, 26 P.S. §1–517, alleging errors of law on the part of the viewers and requesting the Common Pleas Court to remand the matter to the viewers with the direction to omit reference to the income flow analysis used to determine Morgan's loss. Common Pleas denied DOT's petition in an order dated March 17, 1998, holding that the Supreme Court's decision in *Pittsburgh Outdoor Advertising Appeal*[3] allowed the income flow approach to be applied in this case because Morgan was unable to relocate its devices to realize an identical income flow because of Benner Township's zoning ordinance.[4] It is from this order that DOT appeals to this Court.

 On appeal,[5] DOT makes the single argument that the trial court committed an error of law when it allowed Morgan to admit evidence of lost revenue as a result of the condemnation and focused on Morgan's inability to relocate the advertising devices in the area as a result of local zoning restrictions. We agree.

 Under Section 601 of the Code, 26 P.S. §1–601, a condemnee is entitled to just

---

sylvania ground rent is a "perpetual rent reserved to himself and his heirs, by the grantor of land in fee-simple, out of the land conveyed. It is in the nature of an emphyteutic rent." Black's Law Dictionary (4 th ed.1968). Our Supreme Court, in *Pronzato v. Guerrina*, 400 Pa. 521, 163 A.2d 297 (1960), has further defined ground rent as: "an incorporeal hereditament ... an interest in land distinct and separate from the land out of which it issues.... A ground rent is created when the owner of land conveys his whole estate in fee simple to another, reserving for himself a rent service; the grantor has the ground rent estate and the grantee the ownership of the land subject to payment of the ground rent.... A ground rent is assignable.... Such an assignment passes legal title not only to the right of distress, the power to re-enter, etc., but to all the remedies of whatever description which the grantor had against the grantee.... " *Id.* at 524–25 nn. 1–2, 163 A.2d at 298 nn. 1–2 (citations omitted).

**2.** Act of June 22, 1964, Special Session, P.L. 84, *as amended,* 26 P.S. §1–502.

**3.** 440 Pa. 321, 272 A.2d 163 (1970).

**4.** "This Court finds that the facts of [*Pittsburgh Outdoor Advertising*] are significantly different than the case at bar, and therefore, the holding of *Pittsburgh Outdoor Advertising* does not apply. In *Pittsburgh Outdoor Advertising* the Supreme Court assumed that the billboards in question could be relocated and an identical income flow realized. In the case at bar, the possibility of relocation and continued income flow does not exist based on the Benner Township zoning ordinances. Plaintiff Morgan Signs, Inc's [sic] will be permitted to introduce testimony as to market value and income approach of the type introduced at the Board of Review Hearing." (March 17, 1998 Order of the Common Pleas Court.)

**5.** Our review is limited to whether the trial court abused its discretion or committed an error of law, or whether the findings of fact are supported by substantial evidence. *Harford Township v. Bandurick*, 660 A.2d 189 (Pa.Cmwlth.), petition for allowance of appeal denied, 542 Pa. 650, 666 A.2d 1058 (1995).

compensation for the taking, injury or destruction of his property, and a leasehold interest is considered property for purposes of eminent domain. *In re Commonwealth, Department of Transportation,* 67 Pa. Cmwlth. 318, 447 A.2d 342 (1982). Section 602 of the Code addresses the topic of just compensation and states, in pertinent part:

> Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby, and such other damages as are provided in this code.

26 P.S. §1–602(a).

Section 705 of the Code provides for the admission of evidence on valuation in Eminent Domain proceedings. That Section provides, in relevant part:

> (2) A qualified valuation expert may testify on direct or cross-examination in detail as to the valuation of the property on a comparable market value, reproduction cost or capitalization basis, which testimony may include but shall not be limited to the following:
>
> . . .
>
> (iii) The capitalization of the net rental or reasonable net rental value of the condemned property, including reasonable net rental values customarily determined by a percentage or other measurable portion of gross sales or gross income of a business which may reasonably be conducted on the premises, **as distinguished from the capitalized value of the income or profits attributable to any business conducted thereon.**

26 P.S. §1–705. (emphasis added). The 1964 Comment on this part of the Code by the Joint State Government Commission offers guidance on the General Assembly's intent when it enacted the Code. That Comment provides:

> Subdivision (2)(iii). **One of the basic methods of appraising property is to capitalize income attributable to the property. This method is generally not accepted by the courts, including the**

**Pennsylvania courts, and consequently evidence thereof is excluded even though an expert appraiser insists that this approach is the only approach to ascertaining market value in a specific case.** In many cases, this method of valuation would certainly be a factor which a willing, well-informed purchaser and seller would consider in reaching an agreement on a sales price. If an expert used this method, he should be permitted to so state and give his reasons therefor and a breakdown thereof. Only the reasonable net rental value of the property itself may be capitalized. **The income or profits of any business conducted on the property may not be capitalized to show the value of the property; this is in accord with existing Pennsylvania law.**

Joint State Government Commission Comment to 26 P.S. §1–705(2)(iii) (emphasis added).

In *Pittsburgh Outdoor Advertising,* the Supreme Court held that this approach to valuation remained unchanged by the enactment of the Code in 1964, and applied this principle to the condemnation of advertising devices. In that case, the Urban Redevelopment Authority of Pittsburgh condemned two leasehold interests belonging to an outdoor advertising company. The parties disputed the method for determining the fair market value of the leasehold, with the advertising company claiming that the **income** derived from the advertising devices should be considered in determining the fair market value. The Supreme Court addressed the question of arriving at the fair market value of a leasehold interest in an outdoor advertising device, and held:

> The law of Pennsylvania has long been that the value of a condemned leasehold interest is the difference between the fair rental value of the leased premises and the rent actually reserved in the lease. *Getz v. Philadelphia & Reading Railroad Company,* 105 Pa. 547 (1884); Snitzer, Pennsylvania Eminent Domain, § 201(2)–9. Put another way, if the fair rental value of the premises at the time of the taking is greater than the rent being paid under the

terms of the lease, this difference, projected over the life of the lease and discounted to present worth, represents the value of what has been taken. This 'fair market value' test has remained the law, and has not been altered by the Eminent Domain Code.

*Pittsburgh Outdoor Advertising*, 272 A.2d at 165.

In *In re Right of Way for State Route 0060 (Patrick Media Group)*, 720 A.2d 154 (Pa. Cmwlth.1998), this Court, sitting en banc, had occasion to address the just compensation of a leasehold interest in advertising devices condemned by the Commonwealth. We held that:

Where a leasehold interest has been taken, just compensation is the difference between the fair rental value of the leased premises and the rent actually reserved in the lease. *Pittsburgh Outdoor Advertising Corporation Appeal; Getz v. Philadelphia & Reading Railroad Company*, 105 Pa. 547 (1884); *Millcreek Township v. N.E.A. Cross Company*, 152 Pa.Cmwlth. 576, 620 A.2d 558, *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 739 (1994). The value of this differential is typically referred to as the 'bonus value' of the lease because if the fair rental value at the time of the taking is greater than the rent being paid by the lessee, the lessee is receiving a bonus under the terms of the lease. *Graham Realty [Co. v. Com., Dept. of Transp.*, 67 Pa.Cmwlth. 318, 447 A.2d 342 (1982)]. This bonus, projected over the remaining term of the lease and discounted to its present worth, constitutes damages which the lessee is entitled to recover. *Id.* In other words, the measure of damages is the amount that anyone would pay for the unexpired term over and above the rent and other charges fixed in the contract of the lease. While the measure of 'bonus value' may not justly compensate a condemnee where only a partial taking is involved, this approach is the method of valuation where an entire leasehold inter-

est has been condemned. *Pittsburgh Outdoor; Profit–Sharing Blue Stamp Company v. Urban Redevelopment Authority*, 429 Pa. 396, 241 A.2d 116 (1968).

720 A.2d at 157 (footnotes omitted).

Here, Morgan places great weight on the fact that it is unable to relocate the advertising devices to another location in the region because of zoning restrictions and, consequently, this Court should interpret *Pittsburgh Outdoor Advertising* to allow the introduction of income flow evidence to determine a condemnee's loss. We addressed this argument in *Patrick Media*, when we said:

a condemnee may be entitled to compensation for reasonable expenses incurred by the removal, transportation and reinstallation of personal property *or its value* if such personal property cannot be moved without substantially destroying its value, whether because of the unavailability of a comparable site for relocation or otherwise. Section 601A of the Code.[6] Damages for personal property are 'not to exceed the greater of (i) the reasonable expenses which would have been required to relocate such personal property, or (ii) the value in place of such personal property.' Section 601A(b)(1) of the Code.

720 A.2d at 157 (emphasis in original).

■ The law in this Commonwealth is well settled that income flow evidence is inadmissible in determining the just compensation for property subject to condemnation. Additionally, because the Code clearly provides a method of compensation to those property owners who are unable to relocate their property, we find that the trial court committed an error of law when it allowed income flow evidence to support Morgan's claim for damages on the basis of Morgan's inability to relocate the advertising devices due to zoning restrictions.

Order reversed and this case is remanded for a determination of just compensation not inconsistent with this opinion.

6. *Added by* the Act of December 29, 1971, P.L. 640, *as amended*, 26 P.S. §1–601A.

### *ORDER*

NOW, February 2, 1999, the order of the Court of Common Pleas of Centre County in the above-captioned matter is hereby reversed and the matter is remanded to the Court of Common Pleas for a determination of just compensation not inconsistent with this opinion.

Jurisdiction relinquished.