MYRA KRAMER ET AL. *v.* ROBERT J. PETISI ET AL.
(AC 18078)

Hennessy, Sullivan and Dupont, Js.

Argued February 17—officially released April 27, 1999

*William F. Gallagher*, with whom, on the brief, was *Kurt D. Koehler*, for the appellants (plaintiffs).

*Andrew B. Nevas*, for the appellees (defendant Robert S. Scanlon et al.).

Opinion

DUPONT, J. This is an action to quiet title in which the plaintiffs, Myra Kramer and Gary Kramer, appeal from the judgment of the trial court rendered following the granting of a motion for summary judgment as to count eight of their complaint in favor of the defendants Robert Scanlon and Theresa Stetson-Scanlon.[1] On appeal, the plaintiffs claim that the motion for summary judgment was improperly granted because issues of material fact exist as to whether the plaintiffs acquired the disputed property by adverse possession. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On October 10, 1996, the plaintiffs filed an eight count complaint. Only the eighth count, which was brought against the defendants, is the subject of this appeal.[2] Count eight alleges that on September 26, 1994, the

[1] Other defendants are not involved in count eight, which seeks relief against Robert Scanlon and Theresa Stetson-Scanlon only. All references to the defendants in this opinion are to Robert Scanlon and Theresa Stetson-Scanlon.

[2] Before the appeal, the plaintiffs moved the trial court, pursuant to Practice Book § 61-4 (a), to make a written determination that the issues resolved by the summary judgment were of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified. The trial court granted the motion and, subsequently, the chief judge of this court concurred. The summary judgment for the defendants is, therefore, an appealable final judgment. Practice Book § 61-4.

plaintiffs purchased certain property located at 2228 North Street, Fairfield. The plaintiffs assert that they and their predecessors used and enjoyed a 9941 square foot area of land adjacent to this property for a period of more than fifteen years, resulting in the acquisition of title by the plaintiffs to the disputed property by adverse possession. The defendants are the record owners of 2250 North Street, the property adjacent to the plaintiff's property, which contains the 9941 square foot area of land.

The trial court's memorandum of decision sets forth the following facts. Sometime in 1978, the plaintiffs' predecessors, John Edel and Jacqueline Edel, purchased 2228 North Street, and the defendants' predecessor, Eugene Hall, purchased 2250 North Street. Hall is John Edel's uncle. When Hall first purchased 2250 North Street, the property contained only a swimming pool and minor structures, and he subsequently built a house and began residing at the property in May, 1983. Subsequent to their purchase of 2228 North Street, the Edels erected a fence on Hall's property near the northern portion of their property to keep their child away from the swimming pool on Hall's property and to prevent the Edels' horses from entering Hall's property. The enclosed area included the 9941 square foot area at issue in this case.

The plaintiffs claim that from the time the fence was built in 1978 until 1990, when the Edels sold 2228 North Street, the Edels used and maintained the disputed property continuously and uninterruptedly as their own, and that Hall never used that property as his own. The plaintiffs claim in count eight that the disputed area has been used by them and their predecessors for more than fifteen years prior to April 23, 1996. The defendants filed an answer and special defenses, alleging that the disputed property was used with the consent of the defendants' predecessors. The defendants

also filed a counterclaim seeking to quiet title and to collect damages for trespass and unjust enrichment.

On May 3, 1997, the defendants filed a motion for summary judgment as to count eight of the complaint, claiming that the plaintiffs could not prove their claim of adverse possession. In support of their motion, the defendants attached an affidavit of Hall, stating that the Edels erected a fence on a portion of Hall's property with his knowledge and permission and the reasons the fence was erected, that he "lent" the Edels that property and that the entire time the Edels used the portion of his property that was on their side of the fence, they did so with his knowledge and consent. The defendants argued that the plaintiffs could not prove that the owners of the disputed property were ousted for a period of at least fifteen years and that that occurred without the license or consent of the owners. The plaintiffs filed a memorandum in opposition with supporting documents and the trial court heard oral argument on the motion.

On July 25, 1997, the trial court granted summary judgment in favor of the defendants as to count eight of the plaintiff's complaint. The trial court concluded that "[t]he issues raised by the plaintiffs in their opposition memorandum do not demonstrate that genuine issues of material fact are in dispute. The affidavit of Hall makes it clear that hostile possession could not have begun before Hall moved from 2250 North Street on January 4, 1985. Therefore, it is not possible for the plaintiffs to show that they and their predecessors in title held the 9941 square feet of property behind the Hall-Edel fence in adverse possession."

On October 6, 1997, the trial court granted the plaintiffs' motion to reargue and corrected its decision to reflect that summary judgment was granted as to some of the allegations in count eight, but that the judgment

did not dispose of all of the allegations of the eighth count.[3] This appeal followed.[4]

Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 52 Conn. App. 136, 145, 727 A.2d 219 (1999).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Avon Meadow Condominium*

[3] The plaintiffs claimed in their motion to reargue that the summary judgment did not dispose of all of their claims in the eighth count of their complaint and they sought to correct the record to reflect this. According to the plaintiffs, paragraphs one through four of the eighth count alleged a claim of adverse possession to the 9941 square foot area in question and paragraph five alleged a boundary dispute as to another portion of the plaintiffs' property. The plaintiffs claimed that all of the evidence submitted by the defendants in support of their motion for summary judgment concerned the 9941 square foot disputed area, and that the trial court's decision granting summary judgment dealt with this claim alone. In an order dated October 6, 1997, the trial court clarified its July 25, 1997 decision granting summary judgment to reflect that the judgment did not dispose of the allegations in paragraph five of the eighth count. The parties do not challenge this decision on appeal.

The issues raised in the defendants' counterclaim relating to damages for trespass and unjust enrichment also were not decided by the granting of the defendants' motion for summary judgment.

[4] See footnote 2.

*Assn.*, *Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the trial court rendered judgment for the defendants as a matter of law, "our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). "On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).

"The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner." (Internal quotation marks omitted.) *Lazoff* v. *Padgett*, 2 Conn. App. 246, 248, 477 A.2d 155, cert. denied, 194 Conn. 806, 482 A.2d 711 (1984); see also *Lord* v. *Mansfield*, 50 Conn. App. 21, 30–31, 717 A.2d 267, cert. denied, 247 Conn. 943, 723 A.2d 321 (1998). " 'Adverse possession must be proven by the claimant . . . by clear and convincing evidence. . . . *Oak Leaf Marina, Inc.* v. *Ertel*, 23 Conn. App. 91, 93, 579 A.2d 568, cert. denied, 216 Conn. 827, 582 A.2d 206 (1990).' " *Goodrich* v. *Diodato*, 48 Conn. App. 436, 442, 710 A.2d 818 (1998).

The plaintiffs first claim that the motion for summary judgment was improperly granted because an issue of fact exists as to when the fence was built. In support of their claim, the plaintiffs rely on the deposition testimony of Jacqueline Edel and John Edel indicating that the fence was built in 1978. Because this testimony contradicts statements of Hall in his affidavit that the

fence was built after Hall moved to his property in 1983, the plaintiffs claim that summary judgment was improperly granted. We are not persuaded.

In its memorandum of decision, the trial court stated that "[c]learly, the time when the fence was built, while in dispute, is not a material fact upon which summary judgment should be denied. Whether the fence was built in 1978 or 1983 is immaterial, as either date falls before 1985, when Hall is alleged to have moved out of 2250 North Street. Since Hall consented to whatever use the Edels made of the disputed property until he moved from 2250 North Street on January 4, 1985 . . . January 5, 1985, would be the first day from which adverse possession would run. As January 5, 1985, is less than the required fifteen years from April 23, 1996, [the date the plaintiffs purchased 2228 North Street] the plaintiffs' claim of adverse possession in count eight of the complaint must fail."

Summary judgment is properly granted when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. "A 'material fact' is a fact that will make a difference in the result of the case." *Harvey* v. *Boehringer Ingelheim Corp.*, 52 Conn. App. 1, 4, 724 A.2d 1143 (1999). Although the date the fence was built is disputed, the question remains as to whether the fact is material. The Edels' testimony and Hall's affidavit establish that the fence was built with Hall's consent and that the Edels used the disputed property with Hall's permission. Because Hall's land was used with his permission, the use was not adverse to Hall's title. Thus, regardless of whether the fence was built in 1978 or 1983, the plaintiffs failed to show an essential element of their adverse possession claim, namely, that the disputed property was used without the consent of the owner. Accordingly, because the issue of when the fence was built would make no difference in the result

of the case, the trial court properly concluded that it is not a material fact for purposes of summary judgment.

The plaintiffs next claim that an issue of fact exists as to whether the fence was erected with Hall's consent. The plaintiffs claim that "[b]y virtue of the fact that there are conflicting claims as to when the fence was erected, consent is an issue." We disagree.

The trial court stated that "[i]t is unclear how the date of the erection of the fence affects whether Hall consented to the Edels' use of a portion of 2250 North Street, and no further explanation is given by the plaintiffs. The date of the erection of the fence has no bearing on the issue of whether Hall gave the Edels consent to use the property, which is clearly evidenced by Hall's own affidavit at paragraph four, where Hall states: 'Thereafter, the Edels, with my knowledge and permission, erected a fence on my portion of the property . . . .' "

The evidence relied on by the plaintiffs fails to recite specific facts that contradict those in Hall's affidavit and fails to show that there is a genuine issue for trial.[5] Nowhere in the Edels' deposition testimony do they claim that the fence was erected without Hall's consent. In fact, the transcript is replete with statements by the Edels evidencing that, regardless of when the fence was built, it was done with Hall's consent. For example, the Edels testified that Hall told them to put the fence

---

[5] "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . *Doty* v. *Mucci*, 238 Conn. 800, 805–806, 679 A.2d 945 (1996). . . . *Hertz Corp.* v. *Federal Ins. Co.*, 245 Conn. 374, 380–81, 713 A.2d 820 (1998)." (Internal quotation marks omitted.) *Turzia* v. *Great Atlantic & Pacific Tea Co.*, supra, 52 Conn. App. 145.

anywhere because he did not care where it was built, that Hall was "delighted" that the fence was there and that he "encouraged" them to build it. Hall's affidavit is also consistent with the Edels' testimony regarding the reasons for the fence. While we recognize there may be circumstances where the issue of consent may involve a factual question implicating intent and state of mind that may not be properly resolved on a motion for summary judgment, "if the evidence presented by the moving party is sufficient to establish that judgment is warranted as a matter of law, it is not rebutted by the bald statement that an issue of fact does exist." *Connecticut Housing Finance Authority* v. *John Fitch Court Associates Ltd. Partnership*, 49 Conn. App. 142, 146, 713 A.2d 900, cert. denied, 247 Conn. 908, 719 A.2d 901 (1998). Accordingly, the plaintiffs' claim must fail.

The plaintiffs also claim that a factual issue concerning Hall's consent exists because Hall was unaware of the exact location of the fence and, therefore, "if no measurements were taken he could not have known how much he consented to" and that "[f]or all he knew, he may have thought he was consenting to one foot and, based on that belief, he may have readily acquiesced to the building of the fence." Basically, the plaintiffs claim that Hall may have consented to their use of only a portion of the 9941 square foot disputed area, thereby rendering the use of the remaining area adverse. This claim is equally unavailing. The trial court found that "[e]ven if Hall did not know the exact location of the fence before it was built, it is clear that there is no genuine issue of material fact as to his consent to the use of the property in question." This finding is supported by Hall's affidavit and the Edels' testimony, and we will not disturb it. Furthermore, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Internal quotation marks omitted.) *Norse Systems, Inc.*

v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 591, 715 A.2d 807 (1998). The plaintiffs have failed to present any evidence to support their claim that a genuine issue concerning Hall's consent exists that precludes summary judgment.

The plaintiffs' final claim is that the erection of the fence and the continuous use of the disputed property by them and their predecessors indicate adverse use and, therefore, summary judgment was improper. The defendants counter that the plaintiffs have failed to present facts demonstrating that the Edels' erection of the fence and use of the disputed property constituted hostile possession or evidenced an intent to disseize Hall of his property. We agree with the defendants.

Here, the trial court found that "no facts have been presented which demonstrate that the Edels, by erecting the fence, thereby began hostile possession of Hall's land that lay behind the fence. . . . Moreover, the Edels have testified that while they used the property on their side of the fence as their own, they knew Hall owned it. . . . This would dispel the contention that the Edels intended to disseize Hall of this property by fencing it off and occupying it for the statutory period in an open, exclusive, and continuous manner." "[T]he possession of one who recognizes or admits title in another, either by declaration or conduct, is not adverse to the title of such other. . . . Occupation must not only be hostile in its inception, but it must continue hostile, and at all times during the required period of fifteen years challenge the right of the true owner, in order to found title by adverse use upon it. . . . Such an acknowledgment of the owner's title terminates the running of the statutory period, and any subsequent adverse use starts the clock anew." (Citation omitted; internal quotation marks omitted.) *Lazoff* v. *Padgett*, supra, 2 Conn. App. 250.

The trial court properly determined that there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.