[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Joseph Serpe and Serafino Serpe, seek to enjoin the defendant, Dominick Pinto, Jr. from interfering with an easement or right of way over the defendant's property located at 264 Hope Street, Stamford. The plaintiffs allege in their complaint that in 1978 they purchased property at 268 Hope Street, Stamford, which adjoins the defendant's property. They CT Page 14714 further allege that the deed by which they obtained their property gave them a right of way ten feet in width over the northerly portion or rear of the defendant's property. The plaintiff contends that the defendant, who purchased his property in 1971 is interfering with this easement by constructing a storage shed or container, and by erecting a fence which prohibits the plaintiffs from using their right of way.
The defendant denied the material allegations of the complaint and filed a special defense invoking General Statutes §47-37. This statute provides that one may acquire a right of way over another person's property if "the use has been continued uninterrupted for fifteen years."
The case was referred to Attorney Kenneth B. Povodator, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 19-2. The referee conducted a trial and then submitted a report pursuant to Practice Book § 19-4. The referee made the following findings of fact: (1) the defendant's property is subject to a 10 foot wide easement, approximately 20 feet in length, which leads in a westerly direction from the plaintiffs' property, across the defendant's property, to Pilgrim Walk, an adjacent street running along the defendant's property; (2) the easement serves as a driveway or pedestrian accessway affording access to the rear of the plaintiffs' property; (3) in his briefs filed in this action, the defendant, as owner of the servient estate, did not "seriously" contest the existence of this easement as a matter of record title, but argued that he had obtained title to the easement by adverse possession and/or that the plaintiffs had abandoned their easement; (4) the defendant placed a metal storage shed or container in the easement area on his property which effectively blocks access to the easement; (5) the plaintiffs used their easement over the defendant's property on a "regular if minimal basis" for access to Pilgrim Walk, i.e., "a few times a week, for a few minutes at a time;" (6) until 1998, when the defendant moved the storage shed on to the easement area, he had not previously interfered with the exercise of this easement by the plaintiffs; (7) the only access to the rear of the plaintiffs' property is over the easement to Pilgrim Walk; (8) the plaintiffs did not sustain any actual money damages by the defendant's interference with their easement; and (9) the chain link fence erected by the defendant did not interfere with the use of the easement.
The attorney trial referee concluded, on the basis of the CT Page 14715 above findings of fact, that: (1) the plaintiffs owned record title to an easement over the defendant's property; (2) the defendant failed to prove by "clear and convincing" evidence that he had acquired title to the plaintiffs' easement by adverse possession; (3) the defendant had failed to prove that the plaintiffs had abandoned their easement; (4) the plaintiffs had proved that the defendant continues to interfere with their easement; and (5) judgment should enter in favor of the plaintiffs enjoining the defendant from such interference as there is no adequate remedy at law; and (6) there is no basis for the award of attorney's fees to the plaintiffs.
As authorized by Practice Book § 19-12, the defendant moved to correct the referee's report as follows:[1] (1) the report should have concluded that the defendant had proved by clear and convincing evidence that he had acquired title to the plaintiffs' easement by adverse possession; and (2) the report failed to find that the plaintiffs had abandoned their easement across the defendant's property.
In accordance with Practice Book § 19-13, the defendant then filed exceptions to the referee's report.[2] The exceptions reiterate the defendant's contention that he had successfully proved by clear and convincing evidence that he had acquired title to the easement in issue by virtue of adverse possession, and that he had also proved his special defense that the plaintiffs had abandoned their easement.
This court's scope of review of an attorney trial referee's report was discussed by the Supreme Court in Elgar v. Elgar238 Conn. 839, 679 A.2d 937 (1996). There, the court held that, "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book [§ 19-17, formerly] § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Id., CT Page 14716 848-49.
Thus, according to Elgar v. Elgar, supra, 238 Conn. 845, this court generally has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." The second task is to ascertain whether "the conclusions drawn [from the findings of fact] were legally and logically correct . . . ." Id.
With respect to determining whether there is support for the findings of fact, the starting point is the criteria for adverse possession. "The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without licence or consent of the owner. . . . Adverse possession must be proved by the claimant. . . . by clear and convincing evidence . . . ." (Citations omitted; internal quotation marks omitted.) Kramer v. Petisi 53 Conn. App. 62, 67, 728 A.2d 1097, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "[T]he possession of one who recognizes or admits title in another, either by declaration or conduct, is not adverse to the title of such other. . . . Occupation must not only be hostile in its inception, but it must continue hostile, and at all times during the required period of fifteen years challenge the right of the true owner, in order to found title by adverse use upon it. . . . . Such an acknowledgement of the owner's title terminates the running of the statutory period, and any subsequent adverse use starts the clock anew." (Internal quotation marks omitted.) Id., 71.
A review of the transcript indicates that there was sufficient evidence in the record for the referee to reject the defendant's claim of adverse possession.[3] The referee found that the defendant's obstruction of the easement began only three months or so before the trial, not the 15 years that is required before a claim of adverse possession can be successful.
The defendant offered some evidence to the effect that the plaintiffs did not use the easement to cross the defendant's property. It is obvious, however, that the referee chose to believe the testimony offered by the plaintiff. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable CT Page 14717 in their testimony. This was precisely her function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court." Nor'easter Group, Inc. v.Colossale Concrete, Inc., 207 Conn. 468, 473, 542 A.2d 692
(1988).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, supra, 28 Conn. App. 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id.
The referee also rejected the special defense that the plaintiffs had abandoned their easement across the defendant's property. "We recently summed up the law applicable to the claim of an abandonment of an easement in these words: Whether there has been an abandonment is a question of intention to be determined from all the surrounding circumstances, and is a question of fact and not of law. The proof must clearly indicate that it was the intention of the owner of the dominant estate to abandon the easement. Mere nonuser of an easement created by deed, however long continued, is insufficient to establish abandonment. There must also be some conduct on the part of the owner of the servient estate adverse to and inconsistent with the existence of the easement and continuing for the statutory period, or the nonuser must be accompanied by unequivocal and decisive acts clearly indicating an intent on the part of the owner of the easement to abandon the use of it." (Internal quotation marks omitted.) Byard v. Hoelseher, 112 Conn. 5, 16,151 A. 351 (1930).
The referee heard testimony relating to the claim of abandonment and his rejection of the defendant's special defense is based on evidence in the transcript.[4] Thus, his recommendation is justified under the circumstances
The defendant did not file objections to the referee's report as authorized by Practice Book § 19-14.[5] This means that the CT Page 14718 defendant has waived any right to claim that the referee's conclusions were not properly reached on the basis of the subordinate facts that were found or that there were errors in the rulings on the admission of evidence or in other rulings. SeeRostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 301-02,552 A.2d 827 (1989). In Rostenberg-Doern, where a party did not file objections to the referee's report, the court said that the failure to "follow the appropriate procedural guidelines" caused the court to be "precluded from reviewing [the plaintiffs] claim." Id., 302.
Even if objections had been filed, the referee's conclusions follow legally and logically from the underlying facts. The referee correctly determined that proof of adverse possession must be by clear and convincing evidence. Kramer v. Petisi, supra, 53 Conn. App. 67. As to the second special defense of abandonment, it is a "question of fact and not of law" and the evidence "must clearly indicate that it was the intention of the owner of the dominant estate to abandon the easement." Byard v.Hoelscher, supra, 112 Conn. 16.
The attorney trial referee's factual determinations find support in the transcript, and his conclusion that judgment should enter for the plaintiffs follows legally and logically from his factual findings. Based on the standard of review outlined in Elgar v. Elgar, supra, 238 Conn. 848-49, the referee's recommendations are accepted. No material error in the referee's report has been found, and there is no other sufficient reason for rendering the report unacceptable. See Practice Book §19-17. Thus, judgment enters for the plaintiffs enjoining the defendant from interfering in any way with the easement in favor of the plaintiffs over his property. Without limiting the generality of the foregoing, the defendant is specifically ordered to move his storage shed or container so that it no longer blocks the plaintiffs' use of their easement.
Costs are to be taxed in favor of the plaintiff by the office of the Chief Clerk of this court in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of November, 1999. CT Page 14719
William B. Lewis, Judge