[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves General Statutes § 47-37, which provides that one may acquire a right-of-way over another person's property if "the use has been continued uninterrupted for fifteen years." The plaintiffs, Joan Merrill Collins, and Joan Merrill Collins, Trustee, seek to enjoin the defendants, Gregory C. Ferrero and Leshe G. Ferrero, from interfering with an alleged prescriptive easement or right-of-way over the defendants' property located at 37 Pear Tree Point Road, Darien.
The plaintiffs, who own two lots at 39A and 45 Pear Tree Point Road[1] which adjoin the defendants' property, allege in their complaint that they have the right to use a driveway or right-of-way, a portion of which is located on the defendants' property. They further allege that Joan Merrill Collins and her husband, Mr. Arthur Collins, and/or his family have owned the property for over 50 years and have used this right-of-way for well over 15 years for passage and parking in an "open, visible, continuous, uninterrupted [manner], and under a claim of right." The plaintiffs contend that beginning in April, 1997, the defendants interfered with and obstructed this easement by digging up pavement in the driveway and planting bushes thereon, thus prohibiting the plaintiffs and particularly their tenants in CT Page 952 #39A from using the right-of-way.
Sam H. Jones, who owns property at 39 Pear Tree Point Lane, moved to be made a party plaintiff based on his allegation that he shares the plaintiffs' driveway and hence had a prescriptive easement over the defendants' property. This motion was granted on November 23, 1998, and Jones is a co-plaintiff in this action.
The defendants denied the material allegations of the complaint and filed a counterclaim. In their counterclaim, the defendants seek a judgment quieting and settling title to their property.
The case was referred to Attorney Robert P. Dolian, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 19-2. The referee conducted a trial and then submitted a report pursuant to Practice Book §19-4. The referee made the following findings of fact: (1) the claimed right-of-way consists of a driveway approximately 13 feet wide, a portion of which encroaches on the defendants' property at #37; (2) at some unascertainable point in time, the plaintiffs created a turnaround at the end of the driveway, which is the area that primarily encroaches on the defendants' land; (3) prior to the creation of the turnaround, the plaintiffs and their tenants used the driveway "only lightly and sporadically" and not "regularly and systematically;" (4) after the turnaround was established, the use of the disputed area by the plaintiffs and their tenants "increased" and became "intensified; (5) the plaintiffs gave inconsistent and contradictory statements regarding the date on which the turnaround was created and hence when encroachment on the defendants' property began; (6) in March of 1996, in the course of their purchase of #37, the defendants became aware of the claim of the plaintiffs of an easement by prescription and they then filed a notice pursuant to General Statutes § 47-38;[2] (7) the driveway on the defendants' property was never used in a "hostile" or adverse fashion by the plaintiffs, including Mr. Collins and/or his family or tenants; and (8) there was not sufficient evidence offered by the plaintiffs to establish their use of the disputed area under a claim of right for the requisite 15 years prior to 1996.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the plaintiffs failed to prove that they had acquired title to an easement over the defendants' property by adverse possession; and (2) judgment should enter in favor of the defendants quieting title to their property free CT Page 953 from any claim of an easement by the plaintiffs.
As authorized by Practice Book § 19-12, the plaintiffs moved to correct the referee's report as follows:[3] (1) the finding that use of the driveway was "occasional and sporadic" is erroneous because Mr. Arthur Collins, the husband of the plaintiff Joan Merrill Collins, testified that use thereof between 1958 and 1973 was "constant;" (2) Mr. Collins further testified that the turnaround was constructed on #39A, property belonging to the plaintiffs, not on the defendants' property at #37; and (3) Mr. Collins also testified that he never sought permission from the prior owners of #37 to use a portion of their property, and that the use thereof was open and visible, without recognition of the rights of the owners, including the ignoring by the plaintiffs of property line stakes placed by a predecessor in title to the defendants.
In response to the motion to correct, the referee declined to change his report or recommendation for judgment. The plaintiffs, in accordance with Practice Book § 19-13, then filed exceptions to the referee's report.[4] The exceptions reiterate the plaintiffs' contention that, based on the testimony of Mr. Collins, they had successfully proved their entitlement to an easement by virtue of adverse possession.
This court's scope of review of an attorney trial referee's report was discussed by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 679 A.2d 937 (1996). There, the court held that, "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book [§ 19-17, formerly] § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Id., 848-49.
Thus, according to Elgar v. Elgar, supra, 238 Conn. 845, this CT Page 954 court generally has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." The second task is to ascertain whether "the conclusions drawn [from the findings of fact] were legally and logically correct. . . ." Id.
With respect to determining whether there is support in the evidence for the findings of fact, the starting point is the criteria for adverse possession. "The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without licence or consent of the owner. . . . Adverse possession must be proved by the claimant . . . by clear and convincing evidence. . . ." (Citations omitted; internal quotation marks omitted.) Kramer v. Petisi, 53 Conn. App. 62, 67,728 A.2d 1097, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "[T]he possession of one who recognizes or admits title in another, either by declaration or conduct, is not adverse to the title of such other. . . . Occupation must not only be hostile in its inception, but it must continue hostile, and at all times during the required period of fifteen years challenge the right of the true owner, in order to found title by adverse use upon it. . . . Such an acknowledgement of the owner's title terminates the running of the statutory period, and any subsequent adverse use starts the clock anew." (Internal quotation marks omitted.) Id., 71.
A review of the transcript indicates that there was sufficient evidence in the record for the referee to reject the plaintiffs' claim of adverse possession.[5] The referee found that the plaintiffs failed to establish when their use of the defendants' property progressed from sporadic to regular or that the use thereof was ever hostile and under a claim of right. The plaintiffs through the testimony of Mr. Arthur Collins offered evidence to the effect that they used the easement to cross the defendant's property for over 15 years under a claim of right. It is obvious, however, that the referee chose to believe the testimony offered by the defendants. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court." Nor'easter Group, Inc. v. ColossaleCT Page 955Concrete, Inc., 207 Conn. 468, 473, 542 A.2d 692 (1988).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v.Goepfert, 28 Conn. App. 693, 704-05, 613 A.2d 1336, cert. denied,224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973,113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). Both the motion to correct and the exceptions filed by the plaintiffs claim that the referee's findings of fact are erroneous because the "more credible and greater weight of testimony was contrary" to said findings. Yet, it is axiomatic that a reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, Id., 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id.
The plaintiffs did not file objections to the referee's report as authorized by Practice Book § 19-14.[6] This means that the plaintiffs waived any right to claim that the referee's conclusions were not properly reached on the basis of the subordinate facts that were found or that there were errors in the rulings on the admission of evidence or in other rulings. SeeRostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 301-02,552 A.2d 827 (1989), where a party did not file objections to the referee's report, the court said that the failure to "follow the appropriate procedural guidelines" caused the court to be "precluded from reviewing [the plaintiff's] claim." Id., 302.
As previously noted, the attorney trial referee's factual determinations find support in the transcript, and his conclusion that the existence of a prescriptive easement had not been proved follows legally and logically from his factual findings. Based on the standard of review outlined in Elgar v. Elgar, supra,238 Conn. 848-49, the referee's recommendations are accepted. No material error in the referee's report has been found, and there is no other sufficient reason for rendering the report unacceptable. See Practice Book § 19-17. Thus, judgment enters in favor of the defendants on the complaint and for the defendants on their counterclaim quieting and settling title to their property free from any claim of adverse possession by the plaintiffs.
CT Page 956 Costs are to be taxed in favor of the defendants by the office of the Chief Clerk of this court in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of January, 2000.
William B. Lewis, Judge