[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This application for injunctive and other relief came to this court on October 30, 1997. The plaintiff, Katherine R. Nolan, alleges that the defendant, James Gaudiosi, Jr., has entered upon, and made claim to, a strip of property which the plaintiff claims she owns. On October 31, 1997, the parties agreed that the plaintiff's application for Ex-Party (sic) Restraining Order could be granted without prejudice. (Pellegrino, J.). The court heard evidence on November 12, 1999, and the parties filed post-trial briefs.
The first count of the complaint sounds in trespass, the second count in adverse possession, and the third count in slander of title. By stipulation, the first and third counts were withdrawn. "The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for CT Page 2332 fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner." Kramer v. Petisi, 53 Conn. App. 62, 67,723 A.2d 1097, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). The plaintiff seeks money damages, a permanent injunction restraining the defendant from entering upon the disputed property, a declaration that the defendant has no ownership interest or claim to the disputed property, and any other equitable relief the court deems proper.
The court finds the following facts:
On August 21, 1979, the plaintiff purchased lot 8, as shown in "Plan showing division of land of Morris Relyea, et ux, Wolcott, Conn., June 1956" (Map). (Exhibit A). At that time, she was shown the boundaries of lot 8. The plaintiff's attorney reviewed the property map with her, though the plaintiff did not understand that her property line, as shown on the Map, was the easterly edge of Relyea Place. Rather, the plaintiff believed that her property line was an existing fence (Fence) on lot 8, which ran along the northerly line of the property, then along the rear of the property in front of a line of pine trees which defined the real property line, and into a portion of Relyea Place, a "paper" road shown on the Map, then along a portion of Relyea Place toward Munson Road. The front of the plaintiff's house faced Munson Road. The plaintiff did not obtain a title search or a survey at the time of purchase. The plaintiff erected a swing set on that portion of Relyea Place within the fenced portion of what the plaintiff believed to be her property, that is the disputed area. She mowed the grass in this area.
The defendant owns lots 3 and 7, as shown on the map. The defendant maintains a business which his father and uncle operated. A building behind the plaintiff's property was utilized for a lawn mower business and as a storage area for construction equipment. No one utilizing this building, however, came across the disputed property from 1979 to 1997. In October, 1997, the defendant's father, James Gaudiosi (Gaudiosi), took down the Fence without the permission of the plaintiff, entered the disputed property with equipment and cut down some trees, and dug up boulders. Gaudiosi parked construction trucks on the disputed property, and erected a telephone pole on the plaintiff's driveway. The plaintiff called the police. Gaudiosi who had taken down the Fence on two other occasions, removed the telephone pole. CT Page 2333
After the problems with the defendant and Gaudiosi intensified, the plaintiff obtained a quitclaim deed from Peter M. Relyea on December 8, 1997, which purportedly transferred ownership of the portion of Relyea Place, which includes the disputed area, to the plaintiff. The parties, however, stipulated at trial that Relyea Place was already owned by the defendant, and therefore, could not be conveyed to the plaintiff by Peter M. Relyea. Neither party submitted into evidence the title search which caused the plaintiff to concede ownership to the defendant.
The plaintiff also engaged a surveyor to mark the boundaries of the property that the plaintiff believes to be hers with pins. To mark Relyea Place, one of these pins was placed in the middle of the yard of another neighbor, the Langdeaus. Nevertheless, this survey was never submitted into evidence. Moreover, although the defendant claims the disputed land as his, at no time prior to trial did the defendant start legal action to assert his title.
Accordingly, from the credible evidence, the court is unable to determine the westerly boundary of the property that the plaintiff claims. While the plaintiff seeks to claim all of Relyea place, the Fence which extended into Relyea Place, and which the plaintiff believed to be her westerly property line, did not extend completely across Relyea Place. "Adverse possession is not to be made out by inference, but by clear and positive proof." (Citations omitted; internal quotation marks omitted.) Wildwood Associates, Ltd. v. Esposito, 211 Conn. 36,42, 557 A.2d 1241 (1989). For the foregoing reasons, the plaintiff has failed to meet her burden of proving by clear and positive proof that her property includes all of, or a portion of, Relyea Place. Judgment shall enter for the defendant.
SANDRA VILARDI LEHENY, J.