[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff claims by adverse possession an irregularly shaped grassy area containing 1285 square feet. This area is within the boundaries of the defendant's property. "The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner." And, "Adverse possession must be proven by the claimant . . . by clear and convincing evidence . . ." (Citations omitted), Kramer v. Petisi, 53 Conn. App. 62, 67 (1999).
The plaintiff has testified as to her exclusive and uninterrupted use, while the defendant has responded to allege interruptions in the use and consent on behalf of the prior owner.
 DISCUSSION I
The defendant offered testimony that members of the Talmadge family, its predecessors in title, went onto and over the disputed area at various times over the years. Their access was not blocked nor protested by the plaintiffs.
Save for these fairly isolated occasions, the plaintiffs use was open, visible and exclusive. And, were that the sole evidence before the court, the court would have been presented with a difficult case to decide. CT Page 4554
Fortunately for the defendant, the question of consent by the former owner is a significant issue, arising in testimony by both sides in the dispute.
The plaintiff testified that in 1972, a year after this plaintiff became an owner of the parcel adjoining the disputed area, George Talmadge, Sr. came by the property and stopped to talk. Mr. Talmadge and his family had originally owned the plaintiffs parcel and other large tracts in the area. Referring to a crop of corn the plaintiff's husband had planted in close proximity to if not on the disputed area[1], he said: "If I sell that lot (the adjoining parcel) next year, you'll lose the corn."
The court construes this statement to indicate Mr. Talmadge considered the disputed area to be his and that the plaintiff was using it with his permission until he sold the lot of which it was a part.
The plaintiff also testified that the Talmadges never told her she cold not use the disputed area. However, she also admitted that she had known and been friendly with the Talmadges for years — even employing George Talmadge, Jr. to do work on her parcel.
Thus, conversations she related with George Talmadge, Jr. are relevant to this dispute. The plaintiff described conversations she had with Mr. Talmadge in which, about every five years, he would bring up the subject of the disputed area the plaintiff was using and ask "You know that isn't yours, don't you?"
The plaintiff stated she wasn't sure what he meant but never asked him.
On the other hand, Mr. Talmadge testified that he spoke with the plaintiff to inform her of where the property line was and showed it to her. The plaintiffs predecessor in title were relative of the Talmadges and it was they who first expanded onto and made use of the area now in dispute.
From these conversations, the court concludes Mr. Talmadge was advising the plaintiff that she was using a portion of the Talmadge property with permission and the real property lineexcluded the area she was using from her parcel. CT Page 4555
The court concludes that the plaintiff has failed to meet her burden of proof in that she hasn't proven by clear and convincing evidence that her use was "without license or consent of the owner."
 II
The plaintiff asks the court to draw inferences in her favor with respect to the conversations recited above and conclude that they did not constitute "permission."
This proposal ignores the burden of proof required to establish adverse possession.
The court is faced with conversations each party interprets to support its view. From a detached evaluation of the contents of these remarks, the court cannot find for the plaintiff, as the facts from which it is asked to draw the inference have not been proven. Therefore, such an inference would be neither logical nor reasonable, Woycik v. Woycik, 13 Conn. App. 518, 523 (1988).
 CONCLUSION
Judgment may enter for the defendant and title to the area in dispute is found to be in Cedar Grove, L.L.C., free and clear of any claim of the plaintiff.
Anthony V. DeMayo, Judge Trial Referee