[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed this two-count complaint, dated January 19, 1999, against the defendants, William and Jeanette Ferry, and alleges that Nicolosi is the owner in fee simple of a parcel of land on Barnabas Road CT Page 9551 in Newtown, Connecticut (lot 5). Said parcel includes a triangular piece approximately one-quarter acre in size. Nicolosi asserts that the Ferrys are owners in fee simple of the adjacent property (lot 6) on Barnabas Road. Count one alleges that the Ferrys wrongfully entered upon the triangular parcel, now claim possession to it and continue to "keep him out of full possession, depriving him of the use of the land and the rents and profits thereof."[1] Count two alleges that the Ferrys unlawfully entered upon the land and "without license placed abandoned cars and other personal property on the premises, cut down trees, stored wood and mowed an area of the premises."[2] Additionally, count two alleges that the automobiles and machinery "have leaked various chemicals onto the premises which may or have detrimentally affected the premises environmentally."[3]
The Ferrys filed an amended answer, special defenses and a two-count counterclaim dated November 16, 1999. Their first special defense asserts that they have acquired the triangular parcel by adverse possession, pursuant to § 52-575 of the General Statutes, and the second asserts that the Ferrys acquired an easement by adverse use over the triangular parcel pursuant to § 47-37 of the General Statutes. The first and second counts of the Ferrys' counterclaim mirrors their first and second special defenses.[4] The Ferrys seek a judgment determining both the rights of the parties in or to the land and as to title to the triangular piece. The Ferrys also seek a judgment that they have an easement by prescription over the triangular piece.
Nicolosi moves for summary judgment as to both counts of the Ferrys' counterclaim, pursuant to § 17-44 of the Practice Book on the ground that "there is no genuine issue as to any material fact in the Plaintiff's Claim for Possession and Defendant's claims as to liability of Plaintiff. . . ." (Plaintiff's motion for summary judgment.)
Summary judgment is properly granted when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Section 17-49 of the Practice Book. "A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). "The party seeking summary judgment `has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.' D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 . . . (1980)." Harvey v. Boehringer Ingelheim Corp., 52 Conn. App. 1, 4
(1999).
"[S]ummary judgment shall be rendered forthwith if the pleadings, CT Page 9552 affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miller v. United Technologies Corp.,233 Conn. 732, 744-45 (1995). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Assoc. No. 1 v. Insurance Co. ofPenn., 231 Conn. 756, 795 (1995). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents." (Citation omitted; internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., supra, 579.
"The essential elements of an adverse possession sufficient to create a title to the land in the adverse possessor are that the owner shall be ousted of possession and kept out uninterruptedly for a period of fifteen years, by an open, visible, and exclusive possession by the adverse possessor, without the license or consent of the owner." (Citation omitted; internal quotation marks omitted.) Robinson v. Myers,156 Conn. 510, 517 (1968). "Adverse possession is a question of fact. ." (Citations omitted; internal quotation marks omitted.) Matto v. DanBeard, Inc., 15 Conn. App. 458, 474 (1988). "Adverse possession must be proven by the claimant . . . by clear and convincing evidence. . . ."Kramer v. Petisi, 53 Conn. App. 62, 67 (1999).
The parties have submitted affidavits containing contradicting facts as to adverse possession of the triangular piece. Nicolosi submits his own affidavit as well as affidavits from Michael Meehan, the property manager from 1983-1992 of the property formerly owned by Vitramon, including lot 5, and the affidavit of Wayne Zirolto, a licensed surveyor. Both Meehan and Zirolto attest that they are familiar with the disputed property. Nicolsi also submits a plethora of supporting documents: maps, letters and copies of documents from the Newtown land records office. The Ferrys each submit their own affidavits as well as copies of documents from the Newtown land records office.
In his affidavit, Nicolosi attests that he heard the defendant, Jeanette Ferry, admit in a town meeting that the Ferrys received permission to cut the grass on the triangular piece from the previous owners of his property, Vitramon, Inc.. Nicolosi also attests that as far back as 1990 he did not see anything placed on the triangular piece by the defendants. Nicolosi further attests that the triangular piece is not openly visible during certain times of the year when the vegetation creates an obstruction. Michael Meehan attests that a rod and gun club made use of the triangular piece up until 1998 and, therefore, the Ferrys did not have exclusive possession. Wayne Zirolto attests that he walked CT Page 9553 on the triangular piece in 1996 and was not prevented from doing so by the Ferrys. He also attests that he did not see any encroachments upon the triangular piece as claimed by the Ferrys.
The defendant, Jeannette Ferry, attests that they had been mowing the grass on the triangular piece since 1958 and never received permission to do so. William Ferry attests, inter alia, that from 1959 on he would park various kinds of farm equipment, trucks and machinery on the triangular piece. Additionally, the defendant, William Ferry, attests that in 1970 his father deeded whatever interest he had in the triangular piece to him by quitclaim and in 1976 his mother deeded her interest in the triangular piece to him by quitclaim.[5]
This court finds that there are indeed questions of material fact and the plaintiffs motion for summary judgment is, accordingly, denied.
Moraghan, J.