[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to quiet title in a parcel of land located in the town of Willington. (In count one, the plaintiff claims damages for interference with work being done by a contractor of the plaintiff, however there was no evidence of damages and count one is dismissed).
The defendant has filed a counterclaim also seeking to quiet title and further claiming an interest in the property adverse to the title of the plaintiff.
The Court finds the issues in favor of the plaintiff Halchek.
The plaintiff offered the testimony of Alfred Schindler, a licensed land surveyor, which was not effectively refuted, that Halchek is the legal owner of the fee in question. The property was purchased in 1953 from Frank Zigadlo and Mary Zigadlo, the parents of the defendant Paul Zigadlo, who is presently an abutter. The survey prepared by Mr. Schindler identifying the property line between the parties is also consistent with the property lines shown on the assessor's map and the plaintiff has paid taxes on that property since 1953. It is a 60 acre parcel, more or less, and much of it is rural woodlands. Zigadlo's claim that an ancient interior stone wall marks the boundary is refuted by the survey, the assessor's map, and the testimony of Schindler that it was not a boundary wall but likely an interior property wall which were at one time commonly used to delineate pasture or other farm uses.
The evidence has clearly established the legal title to the property in dispute belongs to Halchek.
Turning to the counterclaim of adverse possession, the burden is on the claimant to prove by clear and convincing evidence, that the owner was ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. Kramer v. Petisi,53 Conn. App. 62, 67 (1999). The defendant has not met that burden. CT Page 10807
Halchek has occasionally cut wood on the property, walks it two or three times a year, and occasionally hunts the property.
The defendant, Paul Zigadlo testified that after 1953 his family logged the disputed parcel once — in approximately 1984. His son, Walter Zigadlo testified the family took logs on three occasions, approximately 1975, 1977 and 1984 — but they were only a couple of truckloads. On at least one of those occasions the cutting was close to or on the Zigadlo's fifty acre abutting parcel.
This evidence, even viewed most favorably to the defendants, does not establish an adverse use by clear and convincing evidence under the circumstances, which include the nature and location of the property.
Accordingly, title to the property line between the parties is quieted in favor of the plaintiff, as established by the "Partial Survey of Land of Joseph Halchek, Willington, Connecticut, dated 8/25/95, Schindler Surveys, Ellington, Connecticut, (plaintiff's exhibit 5).
Judgment for the plaintiff on the counterclaim.
Klaczak, J.