MARY J. MOREHOUSE ET AL. *vs.* FREDERICK C. WOOD ET ALS.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and CURTIS, Js.

The fact that a conveyance by an ousted grantor is void by the statute, § 5098, does not fortify nor render impregnable the possession of the disseisor, nor does it estop either party to the conveyance from asserting his right to bring an action of ejectment, in the name of the grantor, to determine the validity of such possession.

Submitted on briefs October 24th—decided December 17th, 1918.

ACTION in the nature of ejectment, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the

plaintiffs, and appeal by the defendant Pickett, who was left as the sole defendant in the cause through an amendment of the complaint before trial. *Error and new trial ordered.*

*John C. Chamberlain* and *Elbert O. Hull,* for the appellant (defendant).

*Robert G. DeForest,* for the appellees (plaintiffs).

CURTIS, J.   It appears from the finding and evidence that there is a long and narrow tract of salt meadow land in Fairfield near the mouth of Pine Creek, about fifty feet in width and over two thousand feet long. This tract lies between parallel lines beginning, at their westerly ends, at Pine Creek Road (called also Old Field Road) and extending easterly across the meadows.   This tract contains about two and one half acres.

The grantor of the defendant Pickett, at the time of the conveyance to Pickett, owned a portion of this tract beginning at said road and running easterly.   The remaining portion of the tract was then owned by the plaintiffs.   The line which separated these respective parcels was the essential matter in dispute at the trial. The defendant Pickett received a deed of the portion of the tract owned by his grantor, in 1904.   In 1912 Pickett deeded a portion of this tract to Leonard Kowalski.

The trial court found that the easterly line of the Kowalski tract was the boundary line between the land of the defendants and the land so conveyed to Pickett in 1904.   There was sufficient evidence to support this finding.

The court further found that Pickett, after the conveyance to him in 1904, took possession of a portion of

this land of the defendants easterly of the easterly boundary of the Kowalski tract, and was in possession of a portion of the same at the beginning of this action. There was sufficient evidence to support this finding. Therefore if the judgment in this action had related to a parcel of land about fifty feet in width directly easterly from the east boundary line of the Kowalski tract, it would have been properly rendered. But the parcel described in the judgment is not so situated. It seems apparent that through some inadvertence the judgment was drawn describing a tract not in controversy. We must therefore find error and order a new trial.

The defendant's fourth reason of appeal presents a question that may arise on a new trial, and we will now pass upon it. In August, 1912, while the defendant was in possession of the parcel easterly of the Kowalski tract, the plaintiffs deeded it, as part of a larger tract, to one Clarence B. Sturgis. The defendant claims that the trial court erred in not holding that such deed estopped the plaintiffs from proceeding in this action, since under General Statutes, § 5098, such deed was void.

The defendant's position as disclosed by his brief, is, in substance, that as the plaintiffs and Sturgis were parties to a transaction made void by statute, each should be deprived of the right to bring an action to recover possession. In other words, that the wrongful ouster of the plaintiffs by the defendant should now be deemed in law an impregnable possession by the defendant, because of the subsequent conveyance by the plaintiffs to Sturgis, which the statute renders void. This inequitable claim is not tenable. In this State, and elsewhere, it is a recognized principle of law that the grantee under such a void deed may, in the name of his grantor, sue for and recover possession of land from one who unlawfully ousted his grantor, or such

grantor may sue and recover possession upon his own motion. *Paton* v. *Robinson*, 81 Conn. 547, 552, 71 Atl. 730; *Brinley* v. *Whiting*, 22 Mass. (5 Pick.) 348.

There is error and a new trial is ordered.

In this opinion the other judges concurred.