JOHN K. PALMER ET AL. *vs.* GUSTAVE C. UHL ET ALS.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 13th—decided July 31st, 1930.

*Robert J. Woodruff,* for the appellants (defendants).

*Charles S. Hamilton,* for the appellees (plaintiffs).

MALTBIE, J. The plaintiffs are entitled to judgment unless the defendants have title by reason of the following facts: In 1909 John S. Palmer owned and possessed the land in suit. Two partners by the name of Savage obtained a judgment against him for $119.50 with costs and sometime subsequently filed a judgment lien. In 1913 they brought an action to foreclose this lien, secured judgment against him, and upon his failing to redeem, caused a certificate of foreclosure to be recorded. Although the judgment gave them the right to the possession of the premises they never took any steps to secure it. In 1920 the Savages executed and delivered a quitclaim deed of the land to the defendant Gustave C. Uhl. Subsequently thereto, he executed and delivered mortgages to the other defendants. None of the defendants have ever been in possession of the land, but it has been continu-

ously in the possession of John S. Palmer until his death in November, 1927, and since in that of the plaintiffs, his son and daughter.

The plaintiffs claim that at the time the Savages gave their deed to the defendant Gustave C. Uhl the Savages were ousted of possession of the land as that term is used in our statute which provides that all conveyances of land of which the grantor is ousted by the entry and possession of another, unless made to the person in actual possession, shall be void. General Statutes, § 5020. The possession which will constitute an ouster under this statute is required to be of the same nature as that which, if continued for fifteen years, would ripen into a title by adverse possession. *Lengyel* v. *Peregrin,* 104 Conn. 285, 288, 132 Atl. 459. It is true that despite such an ouster the grantor in his own behalf or that of his grantee may still assert his right to the land and if he secures possession this will in certain instances enure to the benefit of the grantee. *Paton* v. *Robinson,* 81 Conn. 547, 552, 71 Atl. 730. But the grantee cannot compel the grantor to bring suit or to permit him, the grantee, to do so in the grantor's name, for this would be to obviate the effect of the statute by indirection; so far as it may affect the person in possession of the land, "no right could be transmitted from the grantor or passed to the grantee" by the deed of one ousted of possession. *Williams* v. *Jackson,* 5 John. Rep. (N. Y.) 489, 505.

The trial court has found that at the time the deed was executed by the Savages to the defendant Gustave C. Uhl they were ousted of possession of the premises which were in the exclusive, absolute possession of John S. Palmer and continued in his sole, exclusive, uninterrupted and peaceful possession down to the date of his death. The appellants seek to have the

paragraph in which this finding occurs stricken out as found without evidence, but their only attack upon it in their argument is that his possession could not have been found to be peaceable, because the defendant Gustave C. Uhl, after receiving his deed of the property, brought an action of ejectment against him to secure possession of the property. But this action was not brought until 1926, and hence could have no effect upon his possession as regards an ouster at the time when the deed was given in 1920. The finding must therefore stand, with the result that the deed was void under the provisions of the statute.

It necessarily follows that the defendant Gustave C. Uhl had no right or title to the premises. The defendants Button hold a mortgage made to them by Gustave C. Uhl to secure them for the amount of the taxes due upon the property previously to their deed to him; they did in fact pay these taxes, but they were later fully reimbursed by the plaintiffs in connection with the satisfaction of a mortgage John S. Palmer had made to one of them; and, the debt having been paid, their mortgage interest was ended. *Peck* v. *Lee,* 110 Conn. 374, 378, 148 Atl. 133. The mortgage to Louis J. Uhl was without present consideration and given solely to secure certain previous loans and advances; and hence it could not give him the rights of a bona fide purchaser for value against the plaintiffs. *Millard* v. *Green,* 94 Conn. 597, 605, 110 Atl. 177. As he can therefore claim only through the deed of the Savages to Gustave C. Uhl, the invalidity of that conveyance destroys his rights.

The rulings on evidence of which complaint is made were either clearly right or made in the reasonable exercise of the discretion of the trial court. While some of the statements in the draft-finding which the appellants seek to have added to the finding em-

body undisputed facts and some of the statements in the finding were made without evidence to support them, no corrections we could make would be material upon the decisive issue in the case. The basis of our decision makes it unnecessary to regard the other assignments of error in detail, as they are either negatived by it or would be immaterial.

There is no error.

In this opinion the other judges concurred.