[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in the instant action, alleged that it was the owner of a parcel of land described as parcel A on a certain map prepared by Mattson Associates (Exhibit C) having received title thereto by virtue of a quit claim deed from Fairfield Clearing Company dated December 31, 1993.
Plaintiff further alleged that the defendant, the owner of adjoining premises, had encroached upon a portion of said land particularly identified on a map (Exhibit N). The relief sought CT Page 11575 by the plaintiff was an injunction enjoining the defendant from occupying the land; an affirmative injunction requiring the defendant to remove certain structures from the land and a judgment of possession.
The defendant alleged that the deed to the plaintiff was void as concerned said portion of Parcel A, because he had entered upon and possessed it in such fashion as to constitute an ouster of the plaintiffs predecessors in title pursuant to § 47-21 Conn. General Statutes[1]
Because of the equitable nature of the relief sought, it was agreed by counsel that interrogatories would be submitted to the Jury, the answers to which would furnish a factual basis for the granting or withholding of the relief sought.
There was evidence from which the Jury could find that in 1984 the defendant entered into a real estate sales contract to purchase from one Rodney Reinhard (not a party to this action) a parcel of land described as Lot 2 on a map showing a re-subdivision of certain property including that involved herein; that in 1985 the defendant received a deed from the said Rodney Reinhard for what he believed was the aforementioned Lot 2; that the warranty deed however incorrectly described the property that was to be conveyed under the sales contract so that the defendant did not receive title to all the land he believed he had purchased; that the attorney (not a party to this action) representing the defendant failed to advise him that the description of the property in the deed did not conform to the description of the property reflected in the real estate sales agreement; that the said Rodney Reinhard felt the defendant owned Lot #2 with respect to which the defendant commenced occupancy in 1985; that in 1990, the same Rodney Reinhard conveyed by mortgage deed certain land (parcel A) including that portion occupied by the defendant to Union Trust Bank; that the mortgage was foreclosed by strict foreclosure; that the bank assigned the mortgage to the Fairfield Clearing Company which conveyed Parcel A to the plaintiff by quit claim deed dated December 31, 1993; that in 1985 the defendant had entered upon the portion of Parcel A in the mistaken belief he was its owner and constructed a building, a part of which was located on the land in question, installed a driveway, parking area, dry wells, underground utilities and had run overhead utility lines.
The answers to the Interrogatories reflect that the Jury CT Page 11576 found that the plaintiffs predecessors in title had been ousted of possession of the portion of Parcel A particularly identified on a map (Exhibit N) upon which the defendant had constructed in part, a building, a driveway, parking area, dry wells, underground utilities and run overhead utility. lines and that the deeds to Union Trust and the plaintiff were void under Connecticut General Statutes § 47-21.
The answers to the Interrogatories were supported by the evidence and were consistent. Although this case was technical and complicated in nature, the Jury resolved the same in a logical and reasonable fashion as reflected in the answers to the interrogatories.
A verdict is not to be disturbed unless it was one which the Jury could not have reasonably and legally reached. The verdict in this case was reasonable and legally sound Donner v. Kearse,234 Conn. 660, 681-82.
The plaintiff contends that the court improperly permitted the defendant to amend his special defense relating to ouster so as to amplify or alter its factual basis. The special defense of ouster was an issue in the case from its outset. (CF Answer dated October 15, 1995).
Discovery in this case included depositions of the common grantor (Rodney Reinhard) and the defendant. Further, the defense of ouster did not have to be specially pleaded but evidence thereof was admissible to defeat the plaintiffs claim. Stevens v.Smoker, 84 Conn. 569, 573.
There was no element of surprise or prejudice to the plaintiff under the circumstances.
Plaintiff's suggestion that if the amendment was permitted it would be required to cite in additional parties is unimpressive. Although this case had been pending for over 4 years, no effort was made to join the Reinhards as parties or to pursue any remedy directed to terminating the defendant's occupancy.
The plaintiff was legally justified in bringing the instant action in his own name. An ousted grantee is permitted to sue in the name of its grantor. Morehouse v. Wood, 93 Conn. 113, 115-16. Thus, contrary to plaintiffs claims that the Reinhards were necessary parties, the plaintiff was permitted to pursue its CT Page 11577 action for possession without the presence; of its predecessors in title as parties.
The granting or denial of a Motion to Amend rests in the discretion of the trial court which should be liberally exercised in the interest of justice.
In the instant case the amendment to the Special Defense did not mislead, surprise or prejudice the plaintiff. Lawson v.Godfried, 181 Conn. 214, 216; Wassell v. Hamblin, 196 Conn. 463,466-67.
The major issue in this case was whether the defendant's conduct with respect to a certain portion of Parcel A, was such as to constitute an "ouster" of the plaintiffs predecessors in title. This question was resolved by the Jury in favor of the defendant. The plaintiff did not move for a directed verdict at any time during the trial raising the factual or legal sufficiency of this issue and thus is foreclosed from filing a motion for judgment notwithstanding the verdict Salaman v.Waterbury, 246 Conn. 298, 311; Willow Springs Condominium Assn.Inc. v. Seventh BRT Development Corp. , 245 Conn. 1, 49;Frankovitch v. Burton, 185 Conn. 14, 15 (Footnote 2); Cruz v. Drezek, 175 Conn. 230, 232; P.B. Sec. 16-37.
The plaintiff also contends that the Interrogatories were too broad in scope, and, in effect, "put the question on an all or nothing basis."
The use of Interrogatories is an accepted practice and one particularly well suited to a case such as the one involved herein. Counsel concurred in the decision to use Interrogatories. The court has broad discretion with respect to the manner in which Interrogatories are presented to the Jury as well as their form and content. Emerick v. Kuhn, 52 Conn. App. 724, 745.
The Interrogatories submitted to the Jury were structured in such a fashion as to elicit a response as to whether the plaintiffs predecessors in title had been ousted of possession of a particular portion of land (outlined in yellow and orange) on a map (Exhibit N,) and whether by reason of said ouster the deeds to the Union Trust Bank and the plaintiff were void under § 47-21
Conn. General Statutes which were the critical issues herein. Said Interrogatories coupled with the charge to the jury fairly presented said issues to the jury. CT Page 11578
All post trial motions filed by the plaintiff are denied.
John C. Flanagan, Judge Trial Referee