## 1525 HIGHLAND ASSOCIATES, LLC *v.*
## GEORGE FOHL ET AL.
## (AC 19990)

Landau, Spear and Daly, Js.

Argued October 31, 2000—officially released April 10, 2001

*John J. Resnik,* with whom were *Michael C. Forte,* and, on the brief, *Emily Resnik Conn,* for the appellant (plaintiff).

*Kevin J. Hecht,* with whom, on the brief, was *Jeffrey J. Holley,* for the appellee (named defendant).

*Opinion*

LANDAU, J. The plaintiff, 1525 Highland Associates, LLC, appeals from a judgment rendered by the trial court, following the jury's consideration of interrogatories,[1] in favor of the defendant George Fohl.[2] In this action, the plaintiff sought equitable relief enjoining the defendant from occupying the subject land, an affirmative injunction requiring the defendant to remove certain structures from the land and a judgment of possession. In its appeal, the plaintiff claims that the

---

[1] Due to the equitable nature of the relief sought, the parties agreed to submit interrogatories to the jury. The jury's answers to the interrogatories furnished the factual basis for the trial court's decision.

[2] Paul J. Emond and Florence A. Emond were also defendants in the trial court, as the plaintiff alleged that they may have an interest in the subject real property by virtue of a mortgage from Fohl to Rodney R. Reinhard. The Emonds were defaulted in the trial court and are not parties to this appeal. In this opinion, we refer to Fohl as the defendant.

court improperly (1) exercised its discretion by (a) permitting the defendant to amend his first special defense of ouster[3] and (b) denying the plaintiff's motion to cite in additional parties, (2) charged the jury on the issue of ouster, (3) submitted inappropriate interrogatories to the jury and (4) failed to grant the plaintiff's posttrial motions. We affirm the trial court's judgment.

In its well reasoned memorandum of decision, the court set forth the following facts and procedural posture, which are at the center of the controversy. In the operative complaint, the plaintiff alleged that it was the owner of a parcel of land located in the town of Cheshire, described as parcel A on a certain map, having received title to the land by virtue of a quitclaim deed from Fairfield Clearing Company (Fairfield) dated December 31, 1993. The plaintiff further alleged that the defendant, the owner of adjoining premises, had encroached on a portion of the plaintiff's land. In his special defense, the defendant alleged that the deed conveying the land to the plaintiff was void as to the subject portion of parcel A because the defendant had entered on and possessed the land in such a fashion as to constitute an ouster of the plaintiff's predecessors in title pursuant to General Statutes § 47-21.[4]

Following the presentation of evidence, the jury found by means of interrogatories that the plaintiff's predecessors in title had been ousted of possession of the portion of parcel A on which the defendant had constructed, in part, a building, a driveway, a parking area, dry wells and underground utilities, and had run

---

[3] The defendant pleaded a number of special defenses, but only the first one alleging ouster is at issue in this appeal. Hereafter, we simply refer to it as the special defense.

[4] General Statutes § 47-21 provides: "Any conveyance or lease, for any term, of any building, land or tenement, of which the grantor or lessor is ousted by the entry and possession of another, unless made to the person in actual possession, shall be void."

overhead utility lines, and that the deed to the plaintiff was void pursuant to § 47-21. The court rendered judgment in favor of the defendant. Following the denial of its posttrial motions, the plaintiff appealed.

I

The plaintiff's first claim is that the court improperly exercised its discretion by (1) permitting the defendant to amend his special defense of ouster on the morning trial commenced and (2) denying the plaintiff's motion to cite in additional parties that was filed in response to the amended special defense. We disagree with the plaintiff.

The following additional facts are necessary for our resolution of this claim. In his initial responsive pleading to the plaintiff's complaint, the defendant alleged the following special defense: "All claims of the plaintiff . . . are without any right whatever and were and are extinguished and barred pursuant to [General Statutes §] 47-21." Pursuant to the plaintiff's request to revise, the defendant amended the special defense by a pleading dated November 7, 1995, alleging that "[a]ll claims of the plaintiff . . . are without any right whatever and were and are extinguished and barred pursuant to . . . § 47-21, in that the plaintiff's immediate predecessor in title was ousted of possession by the plaintiff's further predecessor in title, Rodney R. Reinhard, by virtue of a contract for sale and subsequent conveyance between . . . Reinhard and the defendant herein, all of which occurred on and prior to February 1, 1985, and as such the conveyance to the plaintiff subsequent thereto was void."

On July 16, 1999, as the trial was beginning, but before jury selection had begun, the defendant filed a request for leave to file a second revised answer, special

defenses and counterclaim.[5] The defendant's amended special defense alleged in pertinent part that "[a]ll claims of the plaintiff . . . are without any right whatever and were and are extinguished and barred pursuant to . . . § 47-21, in that the plaintiff's immediate predecessor in title Fairfield Clearing Company, and the plaintiff's further predecessors in title Rodney R. Reinhard and Marion F. Reinhard, had been ousted of possession of a portion of the premises in question by the possession thereof by the defendant from April, 1985, through December 31, 1993, and continuing, and as such the purported conveyance to the plaintiff as to the portion of the premises occupied by the defendant was void."

## A

The plaintiff claims that the court improperly permitted the defendant to amend his special defense. The plaintiff had objected to the request to amend the special defense on the ground that it would be prejudiced because the amendment interjected new facts into the case, and, therefore, additional parties would have to be cited in if the amendment were allowed. The court overruled the objection and permitted the amendment, concluding that the issue of ouster had been in the case from the beginning and did not come as a surprise to the plaintiff.[6] We agree with the trial court.

---

[5] The appellation second *revised* special defense is somewhat misleading, as the pleading was not offered in response to a request to revise from the plaintiff. The defendant more correctly sought to *amend* his special defense. We, therefore, shall refer to it as the amended special defense.

[6] In ruling to allow the amended special defense, the court stated: "And the reason that I'm [allowing this amendment] is that . . . the cases are replete with decisions that the policy of the court with respect to granting amendments should be liberally exercised, it's a discretionary matter. I've reviewed all of the pleadings filed by the defense in this case insofar as they relate to the claim that the deed to the plaintiff was void because of this possession concept. And . . . there's no question in my mind that this has been an issue in the case from the outset, and therefore, I don't see how it can come as any insurmountable surprise to the [plaintiff] that this theory was one that would be asserted in the case."

"Whether to allow an amendment is a matter left to the sound discretion of the trial court. This court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . But unless there is some sound reason for denying permission to amend in order to remedy mispleading, [a request to do so] should be granted." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Voog*, 233 Conn. 352, 369, 659 A.2d 172 (1995).

In this case, the court reviewed the proposed amendment, heard argument and was knowledgeable about the standard applicable to the granting of requests to amend. Although the request contained additional factual information, allowing the amendment did not prejudice the plaintiff. See *Goodrich* v. *Diodato*, 48 Conn. App. 436, 443, 710 A.2d 818 (1998) (defendant sufficiently apprised court of special defense of ouster even though statute not alleged). The court also was aware that during the four years that the litigation had been pending, the plaintiff had deposed the defendant and Reinhard, their common grantor. In ruling to allow the amendment, the court properly noted that although the defense of ouster need not be specially pleaded; see *Stevens* v. *Smoker*, 84 Conn. 569, 573, 80 A. 788 (1911); evidence of ouster may be admitted to defeat the plaintiff's claim. We therefore conclude that the court properly exercised its discretion in granting the defendant's request to amend.

B

The plaintiff next claims that the court abused its discretion by denying its motion to cite in additional parties following the court's granting of the defendant's request to amend the special defense. The plaintiff sought to cite in Reinhard, Marion Reinhard, Fairfield Clearing Company and the successor to Union Trust Company (Union Trust) as "necessary or indispensable parties."

"Parties are considered indispensable when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final [disposition] may be . . . inconsistent with equity and good conscience. . . . Indispensable parties must be joined because due process principles make it essential that [such parties] be given notice and an opportunity to protect [their] interests by making [them] a party to the [action]. . . . Necessary parties, in contrast, are those [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." (Internal quotation marks omitted.) *Raph* v. *Vogeler*, 45 Conn. App. 56, 59, 695 A.2d 1066, cert. denied, 241 Conn. 920, 696 A.2d 342 (1997).

On appeal, the plaintiff does not contend that the parties it sought to cite in were indispensable parties. The plaintiff argues, however, that they are necessary parties under *Morehouse* v. *Wood*, 93 Conn. 113, 105 A. 349 (1918), because they were the ousted grantors and still had a possessory interest in the land.[7] The plaintiff misapprehends *Morehouse*. In *Morehouse*, our Supreme Court stated: "In this State, and elsewhere, it is a recognized principle of law that the grantee under such a void deed may, in the name of his grantor, sue for and recover possession of land from one who unlawfully

[7] *Morehouse* was not overruled implicitly by *Palmer* v. *Uhl*, 112 Conn. 125, 151 A. 355 (1930).

ousted his grantor, or such grantor may sue and recover possession upon his own motion." Id., 115–16. The plaintiff here, as the grantee of the deed in question, was fully empowered under the law to recover possession of the portion of the land in question as if it stood in the shoes of all the parties it claimed were necessary. Thus, there was no need for the trial court to cite in the Reinhards, Union Trust or Fairfield Clearing Company to assert possessory rights that the plaintiff was legally empowered to assert.[8]

"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court. *Lettieri* v. *American Savings Bank*, 182 Conn. 1, 13, 437 A.2d 822 (1980); see also *Horton* v. *Meskill*, [187 Conn. 187, 192, 445 A.2d 579 (1982)]." (Internal quotation marks omitted.) *Washington Trust Co.* v. *Smith*, 241 Conn. 734, 747, 699 A.2d 73 (1997). Because the plaintiff was legally entitled to bring an action to recover possession of the land in question, the court did not abuse its discretion in denying the plaintiff's motion to cite in additional parties.

## II

In its second claim, the plaintiff asserts that the court improperly instructed the jury with respect to the element of exclusive possession. The plaintiff took exception to the following portion of the court's instruction: "The defendant must also prove that his use of the land

---

[8] The plaintiff's reliance on *Twichell* v. *Guite*, 53 Conn. App. 42, 728 A.2d 1121 (1999), and *Raph* v. *Vogeler*, supra, 45 Conn. App. 56, is misplaced. *Twichell* did not involve an ouster and did not hold that the grantor of a voided deed is a necessary party. In *Raph*, this court held that the mortgagee of the defendant, who was being sued for an ejectment, as is the defendant in the present case, was not a necessary party and its nonjoinder did not affect the jurisdiction of the court. *Raph* v. *Vogeler*, supra, 61. Here, none of the proposed parties or entities had a present interest in the land that would be affected by the court's judgment.

was exclusive. This means that the possession by the defendant was not shared with the plaintiff's predecessors in title or anyone else for that matter." The plaintiff argued that adverse possession and ouster are similar but not identical. The plaintiff noted that possession necessary to constitute an ouster under § 47-21 is possession of a character such that it would, if continued for fifteen years, ripen into a title by adverse possession. See *Loewenberg* v. *Wallace*, 147 Conn. 689, 694, 166 A.2d 150 (1960). The plaintiff further argued that circumstances may change before the statutory period expires, and, therefore, the court must consider the nature of the use. The plaintiff claimed that if a grantor could step in under the statute at any time, the use cannot be exclusive.[9] We are not persuaded that the court's charge with respect to exclusive possession[10] was improper.

---

[9] The plaintiff cites *Kramer* v. *Petisi*, 53 Conn. App. 62, 728 A.2d 1097, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999), *Sanford* v. *Dimes*, 3 Conn. App. 639, 491 A.2d 398 (1985), and *Francis* v. *Hollauer*, 1 Conn. App. 693, 696, 475 A.2d 326 (1984), in support of its position that it is not enough for the defendant to have used a portion of the land; the defendant must use the land in such a way that no one else could use it. The case law cited does not support the plaintiff's position.

In *Kramer*, the plaintiffs sought to quiet title in land that they had claimed by virtue of adverse possession. The court granted the defendants' motion for summary judgment because there was no genuine issue of material fact that the defendants' predecessor in title had permitted the plaintiffs' predecessor in title to construct a fence on his property. The use, therefore, was not adverse. *Kramer* v. *Petisi*, supra, 53 Conn. App. 64–65.

In *Sanford*, this court reversed the trial court's judgment awarding the plaintiff a prescriptive easement over the defendants' land because the plaintiff had pleaded adverse possession alone. "A judgment granting a prescriptive easement where none was sought and where no pleading raised any issue other than whether the plaintiff had acquired title by adverse possession cannot survive appeal. *Francis* v. *Hollauer*, [supra, 1 Conn. App. 693]." *Sanford* v. *Dimes*, supra, 3 Conn. App. 640.

The *Francis* case is on all fours with *Sanford*, but in addition it states the elements of a cause of action for a prescriptive easement and for adverse possession. *Francis* v. *Hollauer*, supra, 1 Conn. App. 695–96 (exclusion factor distinguishes adverse possession from prescriptive easement).

[10] The plaintiff also relied on *Ahern* v. *Travelers Ins. Co.*, 108 Conn. 1, 142 A. 400 (1928), *Goodwin* v. *Bragaw*, 87 Conn. 31, 86 A. 668 (1913), and

We begin with our standard of review. "A request to charge which is relevant to the issues of the case and which is an accurate statement of the law must be given. *Wagner* v. *Clark Equipment Co., Inc.*, 243 Conn. 168, 187, 700 A.2d 38 (1997). When reviewing the challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Ormsby* v. *Frankel*, 54 Conn.

---

*Norwalk Heating & Lighting Co.* v. *Vernam*, 75 Conn. 662, 55 A. 168 (1903). These cases do not help the plaintiff. *Goodwin* and *Norwalk Heating & Lighting Co.* concern easements, not the possession of land.

*Ahern* describes the manner in which an owner must reassert his right of possession. "Merely going upon the land is not enough. The owner must assert his claim, or do some act that would reinstate him in possession, before he can regain what he has lost. . . .

"Entry must not be of a casual or secret character but must be either known to the occupant or be made under such circumstances as to enable the party in possession, by the use of reasonable diligence, to ascertain the right and claim of the party making the entry, and thus enable him to resort to legal remedies for its protection. . . .

"When a party is once dispossessed it is not every entry upon the premises without permission that would disturb the adverse possession. He may tread upon his own soil and still be as much out of possession of it there as elsewhere. He must assert his claim to the land, perform some act that would reinstate him in possession, before he can regain what he has lost. It is evident therefore that an entry by stealth, under circumstances that go to show that the party claimed no right to enter, or an entry for other purposes than those connected with a right to enter, would not be sufficient to break the continuity of exclusive possession in another." (Citations omitted; internal quotation marks omitted.) *Ahern* v. *Travelers Ins. Co.*, supra, 108 Conn. 6–7.

App. 98, 113–14, 734 A.2d 575, cert. granted on other grounds, 250 Conn. 926, 738 A.2d 658 (1999).

In his special defense, the defendant alleged that as a result of his entering the land in question in April, 1985, and possessing it up to and including December 31, 1993, he ousted the plaintiff's predecessors in title. The defendant never asserted that he had title to the disputed area. He alleged only that the deeds by which the plaintiff's predecessors in title attempted to convey title to the land were void.

Section 47-21 provides that " '[a]ny conveyance or lease, for any term, of any building, land or tenement, of which the grantor or lessor is ousted by the entry and possession of another, unless made to the person in actual possession, shall be void.' 'The possession necessary to constitute an ouster under § 47-21 is not some fleeting or ephemeral technical invasion of the property . . . . Rather, it is possession of a character such that it would, if continued for the requisite period, ripen into a title by adverse possession.' *Loewenberg* v. *Wallace*, [supra, 147 Conn. 694]." *Wadsworth Realty Co.* v. *Sundberg*, 165 Conn. 457, 465, 338 A.2d 470 (1973).

"Ouster which will render a grantor's deed void under this statute is the same which is required to establish adverse possession. *Palmer* v. *Uhl*, 112 Conn. 125, 127, 151 A. 355 [1930]." *Robinson* v. *Meyer*, 135 Conn. 691, 693, 68 A.2d 142 (1949). "[T]o establish title by adverse possession, the claimant must oust an owner of possession and keep such owner out without interruption for fifteen years by an open, visible and exclusive possession under a claim of right with the intent to use the property as his own and without the consent of the owner. *Whitney* v. *Turmel*, 180 Conn. 147, 148, 429 A.2d 826 (1980); *Ruick* v. *Twarkins*, 171 Conn. 149, 155, 367 A.2d 1380 (1976); *Arcari* v. *Dellaripa*, 164 Conn. 532, 536, 325 A.2d 280 (1973); *Clark* v. *Drska*, [1 Conn. App.

481, 485, 473 A.2d 325 (1984)]." *Ruggiero* v. *East Hartford*, 2 Conn. App. 89, 96, 477 A.2d 668, (1984); see also *Stevens* v. *Smoker*, supra, 84 Conn. 574 (approving instructions given to jury on essential elements of adverse possession).

The plaintiff's claim is limited to the court's instructions with respect to the exclusive possession element of ouster. We have reviewed the court's charge on exclusive possession in the context of the entire charge, keeping in mind the allegations of the defendant's special defense and the law. On the basis of our review, we conclude that the court's instruction on exclusive possession did not mislead the jury.

### III

The plaintiff's third claim is that the court improperly submitted inappropriate interrogatories to the jury. Specifically, the plaintiff claims that the interrogatories did not permit the jury to consider the evidence and to decide which portions of the disputed land the defendant occupied in such a manner as to oust the plaintiff's predecessors in title. The plaintiff argued that the interrogatories required the jury to take an "all or nothing" position with respect to the entire parcel of land and to ignore the evidence concerning the various ways in which the defendant possessed and used some but not all of the land.[11]

"We recognize that the trial court has broad discretion to regulate the manner in which interrogatories are presented to the jury, as well as their form and content. *Gaulton* v. *Reno Paint & Wallpaper Co.*, 177 Conn. 121, 125, 412 A.2d 311 (1979). We require only that the interrogatories provide a 'means by which the

[11] The plaintiff argued that the defendant's claim was based on paving, dry wells, overhead wires and underground pipes on, over and in the land, and that such uses did not constitute ouster. The plaintiff provided no law in support of this argument.

jury may record the findings of fact which form the basis for [the] verdict.' Id., 127. In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling. *State* v. *Weidenhof*, 205 Conn. 262, 278, 533 A.2d 545 (1987)." *Daley* v. *Aetna Life & Casualty Co.*, 249 Conn. 766, 795, 734 A.2d 112 (1999).

This claim must fail because there is an inadequate basis upon which to review the plaintiff's claim of abuse of discretion. We have limited information before us by which to analyze the factual context in which the trial court decided to submit the interrogatories. The appellant is responsible for providing an adequate record for review. Practice Book § 61-10;[12] see *Rosenblit* v. *Williams*, 57 Conn. App. 788, 796, 750 A.2d 1131, cert. denied, 254 Conn. 906, 755 A.2d 882 (2000). The plaintiff failed to provide transcripts of the relevant testimony or to include relevant portions of the transcript in the appendix to its brief in violation of Practice Book § 67-1.[13] See *Summerbrook West, L.C.* v. *Foston*, 56 Conn. App. 339, 346, 742 A.2d 831 (2000). We therefore decline to review this claim.

## IV

The plaintiff's final claim is that the court improperly failed to grant its posttrial motions for judgment notwithstanding the verdict, to set aside the verdict and

---

[12] Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. . . . For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

[13] Practice Book § 67-1 provides in relevant part: "The evidence referred to in the brief, and in the appendix if one is filed, will be deemed to embrace all testimony produced at the trial material to the issues on the appeal, although the court may, if sufficient cause appears, consult the transcript of evidence on file or the trial court case file to supplement or explain the evidence. . . ."

in arrest of judgment. Both parties briefed and argued this claim as one concerning the sufficiency of the evidence. The defendant argued that we should not consider this claim because the plaintiff failed to provide an adequate record of testimony at trial as discussed in part III of this opinion. We agree that the plaintiff's failure to provide an adequate record precludes our review of this claim. We also note that the plaintiff was not entitled to file a motion for judgment notwithstanding the verdict.

The trial court stated: "The major issue in this case was whether the defendant's conduct with respect to a certain portion of parcel A, was such as to constitute an 'ouster' of the plaintiff's predecessors in title. This question was resolved by the jury in favor of the defendant. The plaintiff did not move for a directed verdict at any time during the trial raising the factual or legal sufficiency of this issue and thus is foreclosed from filing a motion for judgment notwithstanding the verdict. *Salaman* v. *Waterbury*, 246 Conn. 298, 311, 717 A.2d 161 (1998) (*Katz, J.*, concurring); *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 49, 717 A.2d 77 (1998); *Frankovitch* v. *Burton*, 185 Conn. 14, 15 n.2, 440 A.2d 254 (1981); *Cruz* v. *Drezek*, 175 Conn. 230, 232, 397 A.2d 1335 (1978); Practice Book § 16-37."

The judgment is affirmed.

In this opinion the other judges concurred.