******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BEAR, J., concurring. I concur in the majority's result and much of its reasoning, but I write separately because I do not agree that it is necessary to discuss in dictum the purported general policy implications underlying General Statutes § 52-599, or to interpret General Statutes § 46b-121 in support of those purported implications,[1] and I am concerned that the majority's reasoning may be incorrect. Accordingly, I cannot join in that aspect of the majority opinion.

The majority opinion holds that the court's substitution of the child's newly appointed legal guardian as the petitioner following the death of the original petitioner, who was the child's prior legal guardian, is both legally permissible and appropriate because the new legal guardian would be authorized by General Statutes § 45a-715 (a) to bring the termination action herself. With respect to the respondent's claims concerning the relevance of § 52-599, our survival of actions statute, the majority opinion sets forth the specific reasons why that statute is inapplicable, both as to this specific appeal as well as to this type of action generally. With respect to the statute's applicability in this particular appeal, the majority opinion states that the respondent's arguments fail first "[b]ecause the court did not rely on § 52-599 in rendering [its judgment], the respondent's contention that [the court] did so improperly is wholly unavailing." The majority opinion also notes that it will not address the respondent's arguments on appeal concerning § 52-599 because those arguments are contrary to the arguments that she raised before the trial court about the applicability of § 52-599.

With respect to the effect of § 52-599 on this type of action generally, the majority opinion recognizes that, although it does not have to reach the issue because it ultimately holds that the court otherwise had the power to order the substitution at issue in this case, an action to terminate parental rights is not the type of action to which § 52-599 is intended to apply: "[A]pplication of § 52-599 to the facts of this case would not be a precise jurisprudential fit. By its express language, the applicability of § 52-599 reasonably can be viewed as limited to those civil cases in which, despite a party's death, the continuation of the litigation arguably could benefit the decedent's estate, typically in some pecuniary manner, such that permitting substitution of a representative for the decedent's estate would preserve both the adversarial nature of the proceedings and allow the action to move forward to a resolution with an interested party on each side of the litigation."

Despite having reached this very clear conclusion about the inapplicability of § 52-599, the majority then engages in unnecessary discussion and speculation

about the policies underlying § 52-599.[2] Although noting that "there is an incongruence in attempting to directly apply § 52-599 to the facts of the present case, and we do not purport to do so," the majority then continues: "Nevertheless, if we consider the more general policy implications underlying § 52-599 in conjunction with other statutory authority granted to courts acting on juvenile matters, we conclude that the court in the present case had sufficient authority to grant substitution."

In light of its holding in this appeal, I disagree that it is necessary for the majority to engage in dictum wherein it considers and discusses at length "the more general policy implications underlying § 52-599 in conjunction with" § 46b-121.[3] "Dictum includes those discussions that are merely passing commentary . . . those that go beyond the facts at issue . . . and those that are unnecessary to the holding in the case." (Internal quotation marks omitted.) *Cruz* v. *Montanez*, 294 Conn. 357, 376–77, 984 A.2d 705 (2009). I conclude that is unnecessary for us to address the more general policy implications underlying § 52-599 given the majority's clear holding that § 52-599 is inapplicable here. Therefore, the majority's discussion of the purported general policy implications underlying § 52-599, including its interpretation of § 46b-121 in support of those purported implications, is dictum because the discussion is unnecessary to the majority's holding in this case; see *Vendrella* v. *Astriab Family Ltd. Partnership*, 311 Conn. 301, 318–22, 87 A.3d 546 (2014); and I write separately for that reason.

[1] I also note that neither party has been given a prior opportunity to address these legal issues.

[2] In particular, the majority states that § 52-599 "appears to evince a somewhat broader policy consideration that can help to inform our resolution of the issue now before us."

[3] I respectfully suggest that not only is it unnecessary to go down this road, but also that a better place to look for additional support for the court's granting of the guardian's motion to substitute is in General Statutes § 52-102 et seq., including §§ 52-102, 52-104, 52-107, 52-108, 52-109, and 52-111, and in cases applying the principles therein. This court has discussed the principles underlying these statutes in connection with the need to achieve substantial justice: "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court. . . . Accordingly, [o]ur review . . . is confined to determining whether the trial court abused its discretion. . . . Judicial discretion [however] . . . is always legal discretion, exercised according to the recognized principles of equity. . . . While its exercise will not ordinarily be interfered with on appeal to this court, reversal is required where the abuse is manifest or where injustice appears to have been done. . . . In essence, the trial judge's discretion should be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . *In re Devon B.*, 264 Conn. 572, 580–81, 825 A.2d 127 (2003); see *Lettieri* v. *American Savings Bank*, 182 Conn. 1, 13, 437 A.2d 822 (1980) (decision to grant motion for addition of party to pending legal proceedings rests generally in sound discretion of trial court); *1525 Highland Associates, LLC* v. *Fohl*, 62 Conn. App. 612, 619, 772 A.2d 1128 (same), cert. denied, 256 Conn. 919, 774 A.2d 137 (2001).

"General Statutes § 52-102 provides: Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . . . Pursuant to this statute, the trial court is required to grant a motion to cite in a necessary party. *Donner* v.

*Kearse*, 234 Conn. 660, 669, 662 A.2d 1269 (1995).

"Our Supreme Court has defined necessary parties as [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . In short, a party is necessary if its presence is absolutely required in order to assure a fair and equitable trial. . . . *Biro* v. *Hill*, 214 Conn. 1, 5–6, 570 A.2d 182 (1990); see also *Sturman* v. *Socha*, 191 Conn. 1, 6–7, 463 A.2d 527 (1983)." (Internal quotation marks omitted.) *Housing Development Fund, Inc.* v. *Burke Real Estate Management, LLC*, 155 Conn. App. 451, 460–61, 109 A.3d 1003 (2015).

*In re Devon B.* was an appeal from a judgment in a neglect case, where the issue was whether the Department of Mental Retardation was a necessary party. The Supreme Court expressed a policy that is equally applicable here: "The necessary parties rules originated in equity and expressed the principle that a court of equity, once it undertook a case, would not do justice by halves but would seek to clean up the whole controversy. . . . Because under the facts of this case, the department of mental retardation's joinder is absolutely required in order to assure a fair and equitable result . . . the trial court abused its discretion in denying the respondent's motion to cite in that department as a party." (Citations omitted; internal quotation marks omitted.) *In re Devon B.*, supra, 264 Conn. 586. Indeed, I also note that this is not the first time that a guardian has been substituted as a petitioner in a pending termination of parental rights case. See *In re Brian T.*, 134 Conn. App. 1, 5–6, 38 A.3d 114 (2012) (court granted motion to substitute child's guardians for mother as petitioners in termination of parental rights action, who then filed amended petition).

Finally, I look at the direction set forth in General Statutes § 45a-706, which provides in relevant part: "The provisions of sections . . . 45a-715 to 45a-718, inclusive . . . shall be liberally construed in the best interests of any child for whom a petition has been filed under said sections." Because I agree with the majority's reliance on both § 45a-715 and our decision in *In re Quamaine K., Jr.*, 164 Conn. App. 775, 794,     A.3d     , cert. denied, 321 Conn. 919,     A.3d     (2016), I believe the foregoing statutory authority provided by §§ 45a-706, 45a-715, and 52-102 et seq., taken as a whole, provides more relevant support for the otherwise proper result reached by the majority.